UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES E. RODGERS,
   Plaintiff,
vs.                                  No. 06-1140

ROGER WALKER, et.al.,
   Defendants.

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The pro se plaintiff participated in the merit review by telephone conference call.

The plaintiff, James Rodgers, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated in the Illinois Department of Corrections. The plaintiff has named four defendants including Illinois Department of Corrections Director Roger Walker, Stateville Correctional Center Warden Dee Battaglia, and Pontiac Correctional Center Wardens Guy Pierce and Don Hulick  The plaintiff's complaint states that he is suing the defendants in their oficial capacities only.

The court reviewed and identified the following claims in the plaintiff's complaint:

DUE PROCESS
The plaintiff alleges that his Fourteenth Amendment due process rights have been violated by the defendants failure to allow him a hearing on his high security risk designation. The plaintiff also believes that due to this designation, he is subjected to "atypical and significant hardships in relation to the ordinary incidents of prison life." (Comp, p. 5) For instance, the plaintiff says he has more restricted family visits, is not able to participate in vocational or rehabiliatory programs, is subjected to yearly transfers, suffers more cell shake downs, suffers delays in using the law library or taking part in religious services and has delays in mail service.

The plaintiff has failed to state a violation of his constitutional rights. The protections of the due process clause are triggered by the existence of a life, liberty, or property interest which constitutes a "legitimate claim of entitlement." Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). A protected liberty interest may originate from the due

process clause itself or state law may create a protected liberty interest. Id.  "The due process clause, however, does not protect against every change in the conditions of confinement having a substantial negative impact on a prisoner, nor does it guarantee a prisoner a particular security classification, or the right to be housed in a particular prison or other facility. Manus v. Allen County Community Corrections, 2005 WL 1172872 at 2 (N.D. Ind. April 28, 2005) *citations ommitted.*   The plaintiff's security classification does not constitute an atypical and significant hardship on him because a prisoner has no right to a particular security level. See Sandin v Conner, 515 U.S. 472, 483 (1995).

EIGHTH AMENDMENT- Clothing

The plaintiff says Defendant Pierce failed to provide him with adequate clothing for the seasons subjecting him to a serious risk of harm. During the hearing, the plaintiff said high security risk inmates were forced to wear a jumpsuit even when they had yard time or wanted to exercise.  The plaintiff says the jumpsuit was too hot and some other inmates either suffered heat exhaustion or came close to having heat exhaustion. The plaintiff did not say that he suffered any injury as a result of wearing the jumpsuit, only that it was hot and uncomfortable for him and he believed he suffered from an unreasonable risk of future injury.

The plaintiff says Defendant Pierce is responsible for this claim because he is the warden and implemented the policy that high security risk inmates must wear certain clothing.  The plaintiff did not state that he discussed the jumpsuit problem with the warden or anyone else. Also, while not entirely clear from the plaintiff's comments during the hearing, it appears the policy regarding the jumpsuit has been changed.  The plaintiff is suing the defendant in his official capacity.

The plaintiff must pass a two-prong test to establish an unconstitutional condition of confinement.  Wilson v Seiter, 501 U.S. 294, 298 (1991). The objective component of the test looks at the alleged conditions at the jail and whether they were sufficiently serious. Wilson v. Seiter, 501 U.S. 294, 298 (1991).  To satisfy the subjective component, plaintiff must demonstrate the defendants were deliberately indifferent to his health and safety. Farmer v. Brennan, 511 US 825, 837 (1994).   This means plaintiff must show that jail officials knew there was a substantial risk of serious harm to the plaintiff, and consciously disregarded that risk. Id.

The Eighth Amendment prohibits punishments that involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification. Rhodes v. Chapman, 452 U.S. 337, 346(1981)**.** The Eighth Amendment does not provide a fixed formula for determining whether the effect of particular conditions constitutes cruel and unusual punishment, but rather " 'draw[s] its meaning from the evolving standards of decency that mark the progress of a maturing society.' " Id.  Conditions, alone or in combination, that do not, however, fall below the

contemporary standards of decency, are not unconstitutional, and "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id.

The fact that the plaintiff had to wear a jumpsuit for yard time for an uncertain period of time even in the summer months is not a restriction that violates the constitution. Being required to wear a jumpsuit while playing basketball doesn't rise to the level of a constitutional infringement.

SIXTH AMENDMENT

The plaintiff says he is not provided a place to have confidential talks with his attorney. The plaintiff states this is a violation of his first amendment rights, but he has actually attempted to state a violation of his sixth amendment right to counsel.  The plaintiff has failed to state a violation of his constitutional rights.  To demonstrate that the lack of privacy violated his sixth amendment right, the plaintiff would have to demonstrate some prejudice or injury suffered as a result of the restrictions. Porter v. Bodlovich, 1996 WL 535436 (N.D. Ind. Sept. 17., 1996); Jenkins v Lane, 977 F.2d 266 (7th Cir. 1992).  The plaintiff stated that no information shared with his attorney was ever used against him by the defendants.

EIGHTH AMENDMENT

The plaintiff says inmate transport vehicles are "not properly constructed" and this places his life in danger in violation of Eighth Amendment.  The plaintiff states that he has not ever been injured while in the vehicle, but believes there is a risk of harm.  The plaintiff does not state that he discussed this problem with any of the defendants, nor that any inmate has ever been injured while in the transport vehicle.  Again, the plaintiff has failed to articulate a violation of constitutional proportion.

**IT IS THEREFORE ORDERED that:**

**1) This case is dismissed in its entirety, without prejudice, pursuant to 28 U.S.C. §1915A(b), for failure to state a claim upon which relief can be granted.  The parties are to bear their own costs.**

**2) This dismissal counts as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk is directed to record the strike against the plaintiff.**

3

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the $350.00 fee is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office**.

Entered this _____ day of July, 2006.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE